UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GARRY McDONOUGH :
 :
 v. : C.A. No. 14-036ML
 :
CAROLYN COLVIN :
Commissioner of the Social Security :
Administration :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Social Security Disability Insurance ("SSDI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on January 17, 2014 seeking to reverse the decision of the Commissioner. On August 29, 2014, Plaintiff filed a Motion to Reverse Without a Remand for a Rehearing or, Alternatively, With a Remand for a Rehearing the Commissioner's Final Decision. (Document No. 9). On October 30, 2014, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (Document No. 11).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that the Commissioner's Motion for an Order Affirming

the Decision of the Commissioner (Document No. 11) be DENIED and that Plaintiff's Motion to Reverse Without a Remand for a Rehearing or, Alternatively, With a Remand for a Rehearing the Commissioner's Final Decision (Document No. 9) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on September 9, 2010 alleging disability since June 8, 1999. (Tr. 164-170). Plaintiff's date last insured for DIB is June 30, 2000. (Tr. 12). The application was denied initially in June 2011 (Tr. 93-101) and on reconsideration in October 2011. (Tr. 103-111). Plaintiff requested an Administrative hearing. (Tr. 123). On October 23, 2012, a hearing was held before Administrative Law Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. (Tr. 45-92). The ALJ issued an unfavorable decision to Plaintiff on November 16, 2012. (Tr. 7-23). The Appeals Council denied Plaintiff's Request for Review on December 2, 2013, therefore the ALJ's decision became final. (Tr. 3). A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by failing to consider the opinion of Dr. Beverly Walters, a treating neurosurgeon, failing to secure the testimony of an impartial medical expert, and mis-evaluating the 2005 opinion of Dr. Stanley Stutz.

The Commissioner disputes Plaintiff's claims and asserts that any error in failing to consider Dr. Walters' opinion was harmless on this record and that the ALJ was not required to call a medical expert to testify.

### III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause

for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

**IV.     THE LAW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

**A.     Treating Physicians**

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported

by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not

disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant

becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

   **E.   Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-

exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4) Treatment, other than medication, for relief of pain;

(5) Functional restrictions; and

(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V. APPLICATION AND ANALYSIS

Plaintiff was sixty years old on the date of the ALJ's decision. (Tr. 64). Plaintiff has a high school diploma. (Tr. 202). Plaintiff's date last insured for DIB is June 30, 2000. (Tr. 102). Plaintiff worked in the relevant past as construction worker, group home counselor and youth corrections officer. (Tr. 217). Plaintiff alleges disability due to a back injury, severe bone infection, ruptured discs, infection of saccralius and osteomyelitis. (Tr. 216).

### A. The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5. Because Plaintiff's insured status expired on June 30, 2000, the issue presented to the ALJ was whether Plaintiff was disabled at any time from June 8, 1999, the alleged onset date, through June 30, 2000. At Step 2, the ALJ determined that Plaintiff's lumbar degenerative disc disease status post-discectomy surgery and osteomyelitis (bone infection) were "severe" impairments within the meaning of 20 C.F.R. § 404.1520(c). (Tr. 12). The ALJ did not, however, find at Step 3 that these impairments met or medically equaled any of the Listings. (Tr. 13). The ALJ concluded that Plaintiff retained the RFC to perform a limited range of light work. While the ALJ found at Step 4 that Plaintiff could not resume his past work, he concluded at Step 5 that Plaintiff was not disabled because he was capable of performing various light and sedentary unskilled jobs through June 30, 2000. (Tr. 21-22).

### B. The ALJ Erred by Failing to Consider Dr. Walters' Opinion

The issue in this DIB case is whether Plaintiff was disabled at any time from his alleged onset date, June 8, 1999, through his date last insured, June 30, 2000. Plaintiff was admitted to Miriam Hospital on June 18, 2000 with severe back pain. (Tr. 629). Plaintiff's back issues arose out of a work-related injury which occurred on June 8, 1999. Id. Plaintiff received workers' compensation benefits due to this injury. (Tr. 160-163).

Because of the severity of his pain, emergency back surgery was performed on June 20, 2000 by Dr. Walters. (Tr. 637-639). Plaintiff developed a post-surgical infection and suffers from chronic vertebra/osteomyelitis. (Tr. 490-491, 640-641).

On June 18, 2000, Dr. Walters opined that Plaintiff could not return to his former job and was "not capable of other work." (Tr. 631). She assessed that he could not lift more than five

pounds and could not sit for more than fifteen minutes. Id. She also assessed that he could not bend, stoop, crawl, reach and grasp repetitively. Id.

It is undisputed that the ALJ failed to consider and evaluate this treating source opinion in his decision. Defendant concedes that "it would be a stretch to argue that the ALJ was entitled to ignore this opinion" and "[e]qually difficult...to claim that [this] opinion was erroneous when it was written." (Document No. 11 at p. 6). Despite these concessions, Defendant contends that a remand is not warranted.

First, Defendant "questions" whether Dr. Walters was actually a treating source. (Document No. 11 at p. 7). This argument merits little attention. Dr. Walters treated Plaintiff for his back pain, performed emergency back surgery on him, and provided post-surgical care. It is unquestionable that Dr. Walters was a treating source. Second, Defendant argues that Dr. Walters' opinion is not entitled any special significance because it amounts to little more than a statement that Plaintiff was disabled which is an issue reserved to the Commissioner pursuant to 20 C.F.R. § 404.1527(d). Although Dr. Walters did opine that Plaintiff was not capable of working, she also opined on his specific functional limitations supporting that opinion which are entitled to consideration pursuant to 20 C.F.R. § 404.1527(d)(1). (See Tr. 631). In addition, the ALJ apparently felt such an opinion would be probative since he noted, inaccurately so in hindsight, that "[n]o treating or examining sources provided a detailed functional assessment for the relevant time period and the record does not reveal any medical restrictions that would preclude gainful employment consistent with the residual functional capacity assessment as found herein." (Tr. 15). Dr. Walters' opinion contains such an assessment and should have been expressly evaluated by the ALJ.

Defendant also invites the Court to speculate as to how much weight the ALJ would have given to Dr. Walters' opinion had he considered it and posits that it would have been given limited weight. The Court declines the invitation. First, it is unclear to the Court what weight the ALJ may have given to Dr. Walters' opinion and how his view of that evidence may have altered his evaluation of other medical evidence. For instance, the ALJ gave "considerable weight" to the 2011 opinions of Dr. Conklin and Dr. Laurelli for the period prior to June 30, 2000 as they were "consistent with the limited findings on examinations and imaging studies" and because the alleged limitations for that period were "not substantiated by competent medical evidence to the degree alleged." (Tr. 18-19). Since Dr. Walters examined Plaintiff and opined on his functional limitations during the relevant time period, her opinion may have impacted the ALJ's conclusions as to the weight to give to the 2011 opinions. Moreover, since Dr. Walters was a treating source, the ALJ was required to give "good reasons" for the weight given to Dr. Walters' opinion which he did not do. See 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ's evaluation of Dr. Walters' opinion may have impacted his view of Dr. Stutz's 2005 opinion that Plaintiff was limited to sedentary work to which the ALJ gave "little evidentiary weight." (Tr. 20, 660-662).

Because of the timing and substance of Dr. Walters' June 18, 2000 opinion, the ALJ's failure to evaluate that opinion cannot be considered harmless error on this record. A remand is warranted to ensure a full and fair evaluation of Plaintiff's disability benefits claim.

## VI. CONCLUSION

For the reasons discussed herein, I recommend that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (Document No. 11) be DENIED and that Plaintiff's Motion to Reverse Without a Remand for a Rehearing or, Alternatively, With a Remand for a

Rehearing the Commissioner's Final Decision (Document No. 9) be GRANTED. Further, I recommend that Final Judgment enter in favor of Plaintiff remanding this matter for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 18, 2014